IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TRIBUNE MEDIA COMPANY, et al., | ) | Bankruptcy Case No. 08-13141-KJC |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| WILMINGTON TRUST COMPANY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1116-GMS |
| | ) | |
| TRIBUNE MEDIA COMPANY, et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## MEMORANDUM OPINION

Presently before the court is the motion (D.I. 10) ("Certification Motion") of Wilmington

Trust Company ("WTC"), seeking certification of this appeal (D.I. 1) directly to the United States

Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 158(d)(2) and Rule 8006 of the

Federal Rules of Bankruptcy Procedure.

1.  Background[1]

The underlying facts, procedural history, and legal issues are well known to the parties and

the court, so the court will merely summarize them here. On December 8, 2008, the Tribune

Company and certain affiliates ("Tribune")[2] filed a petition for relief under Chapter 11 of the

---

[1]     Because the court writes primarily for the benefit of the parties, the court presumes familiarity
with the pertinent background facts.

[2]     The Reorganized Debtors, or successors-in-interest to the Reorganized Debtors, in these chapter
11 cases are: Tribune Media Company; California Community News, LLC; Chicago Tribune
Company, LLC; Chicagoland Publishing Company, LLC; Chicagoland Television News, LLC;

Bankruptcy Code. (*See* Bankr. D. Del. No. 08–13141-KJC.) On July 23, 2012, the Bankruptcy

Court confirmed Tribune's plan of reorganization (the "Plan"). Pursuant to the Plan, WTC served

as the indenture trustee for PHONES Notes, which were unsecured subordinated securities. WTC

argued that Section 6.07, 5.03, and 5.04 of the PHONES Notes indenture support its Class 1F Fee

Claim.[3] (Bankr. D. Del. No. 08–13141-KJC, D.I. 13339-1.) On January 2, 2013, WTC provided

Tribune with its Class 1F Claim, which includes fees and expenses in the amount of

$30,289,093.33, under Bankruptcy Code § 502(b) (the "Fee Claim").

Tribune objected to the Fee Claim and subsequent negotiations failed. Tribune filed a

formal Objection to the Fee Claim on March 18, 2013. (Bankr. D. Del. No. 08–13141-KJC, D.I.

13338). WTC opposed the Objection. By Order dated June 26, 2013 (Bankr. D. Del. No. 08–

13141-KJC, D.I. 13642), a mediator was appointed, pursuant to Local Rule 9019-5, to mediate

Tribune's objection to WTC's Fee Claim. The mediator's report dated October 24, 2014 (the

"Mediator's Report"), recommended disallowance of the Fee Claim. On January 20, 2015, WTC

---

forsalebyowner.com, LLC; ForSaleByOwner.com Referral Services LLC; Hoy Publications, LLC; Internet Foreclosure Service, LLC; KDAF, LLC; KIAH, LLC; KPLR, Inc.; KRCW, LLC; KSWB, LLC; KTLA, LLC; KTXL, LLC; KWGN, LLC; Los Angeles Times Communications LLC; Magic T Music Publishing Company, LLC; NBBF, LLC; Oak Brook Productions, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; The Baltimore Sun Company, LLC; The Daily Press, LLC; The Hartford Courant Company, LLC; The Morning Call, LLC; Tower Distribution Company, LLC; Towering T Music Publishing Company, LLC; Tribune 365, LLC; Tribune Broadcasting Company, LLC; Tribune Broadcasting Hattford, LLC; Tribune Broadcasting Indianapolis, LLC; Tribune Broadcasting Seattle, LLC; Tribune CNLBC, LLC; Tribune Content Agency, LLC, LLC; Tribune Content Agency London, LLC; Tribune Direct Marking, LLC; Tribune Entertainment Company, LLC; Tribune Investments, LLC; Tribune Media Services, LLC; Tribune ND, LLC; Tribune Publishing Company, LLC; Tribune Television New Orleans, Inc.; Tribune Washington Bureau, LLC; WDCW, LLC; WGN Continental Broadcasting Company, LLC; WPHL, LLC; WPIX, LLC; WPMT, LLC; WSFL, LLC; WXMI, LLC.

[3]     A Class 1F Other Parent Claim is a class of claims that is defined in the plan of reorganization. (*See* Bankr. D. Del. No. 08–13141-KJC, D.I. 12072-2 at 39.)

filed its limited objection to the Mediator's Report and on February 20, 2015, Tribune filed their response to WTC's objection to the Mediator's Report.  On November 19, 2015, The Honorable Kevin J. Carey of the United States Bankruptcy Court for the District of Delaware issued a Memorandum and Order Sustaining the Reorganized Debtors Objection to Class 1F Other Parent Claim Asserted by Wilmington Trust Company. (D.I. 1-4.)  On December 2, 2015, WTC filed a notice of appeal of the Bankruptcy Court decision. (D.I. 1.)

On January 12, 2016, WTC filed a motion for certification of direct appeal that is presently before the court. (D.I. 10).  The Certification Motion states that the question presented is "whether a creditor with a pre-petition, contractual entitlement to recover professional fees is entitled to an allowed, unsecured claim for those fees under Bankruptcy Code Section 502(b)(1) where those fees are incurred post-petition."  (D.I. 10 at 2.)  The court considers the relief sought in the Certification Motion pursuant to Federal Rule of Bankruptcy Procedure 8006.

2.    Parties' Contentions

With respect to the Certification Motion, WTC contends that certification is required because each of the criteria of 28 U.S.C. § 158(d)(2)(A) is met.  (D.I. 10 at 2.)  First, WTC argues that there is no controlling decision of the Supreme Court or the Third Circuit Court of Appeals on whether unsecured creditors are entitled to recover post-petition attorneys' fees as part of their unsecured claim.  (*Id.* at 4-6.)  WTC also argues that the court's ruling is of significant public importance and if adopted by other courts in this jurisdiction will "severely restrict unsecured creditors' recourse to receive reimbursement of legal fees, which effectively will limit such creditors' participation in the legal process."  (*Id.* at 7.)  WTC further argues that there is a split in decisions within

the Third Circuit. (*Id.* at 8.) Finally, WTC contends that certification will "materially advance the closing of these Chapter 11 cases." (*Id.* at 10.)

Conversely, Tribune argues that certification should be denied because the issue on appeal does not meet any of the statutory criteria set forth in 28 U.S.C. § 158(d)(2)(A). (D.I. 11 at 2.) According to Tribune, this dispute is not appropriate for direct appeal because it does not involve a pure legal issue and determination of WTC's Fee Claim requires, at least in part, a factually intensive analysis regarding WTC's ability to recover under the Bankruptcy Code. (*Id.* at 3-4.) Tribune also asserts that there is controlling authority on the issue of statutory interpretation raised by WTC in its appeal. (*Id.* at 4.) Tribune further argues that WTC's Fee Claim does not require resolution of conflicting decisions within the Third Circuit. (*Id.* at 5.) Tribune contends that the question on appeal is a private contract dispute and not a matter of public importance. (*Id.* at 6.) Finally, according to Tribune the direct appeal will not materially advance the case because "there is no ruling on appeal that could result in allowance of the Fee Claim." (*Id.*)

3.    Legal Standards

Pursuant to 28 U.S.C. § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). Motions for direct appeal to the court of appeals are governed by 28 U.S.C. § 158(d)(2), which provides that a district court may certify a final order for immediate appeal to a federal court of appeals. In accordance with section 158(d)(2)(A) and (B), certification is mandatory if the court determines that any of the following exist:

4

> (i) the judgment, order, or decree involves a question of law as
> to which there is no controlling decision of the court of appeals
> for the circuit or of the Supreme Court of the United States, or
> involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law
> requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree
> may materially advance the progress of the case or proceeding
> in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). "While the section contains three subparts, there are actually four disjunctive criteria as subpart (i) sets forth two separate benchmarks for certification." *In re Millennium Lab Holdings, II, LLC*, No. 15-12284-LSS, 2016 WL 155500, *4 (Bankr. D. Del. Jan. 12, 2016).

4.   Analysis

Upon consideration of the parties' arguments as set forth in the briefs, the statutes at issue, and applicable precedent, the court concludes that certification to the Third Circuit Court of Appeals is required under 28 U.S.C. § 158(d)(2)(A)(i).

A. Controlling Decision

"A 'controlling decision' of the Third Circuit for the purposes of § 158(d)(2)(A)(i) is one that admits of no ambiguity in resolving the issue." *Stanziale v. Car-Ber Testing, Inc. (In re Conex Holdings, LLC)*, Civ. No. 14-179-LPS (D. Del. March 23, 2015) (citing *In re Goody's Family Clothing, Inc.,* Civ. No. 09-409-RMB, 2009 WL 2355705 at *5 (D. Del. Jul. 30, 2009)). WTC argues that the Bankruptcy Court's denial of the certification request was not based upon any controlling decision by the Third Circuit Court of Appeals or the Supreme Court and, therefore, the appeal must be certified. (D.I. 10 at 5.) Tribune argues that there is controlling

5

authority on the issue. (D.I. 11 at 4.) Specifically, Tribune points out that the Bankruptcy Court applied both *Travelers* and *Timbers* in disallowing the fee claim. Tribune also argues that this dispute does not involve a pure legal issue and that determination of WTC's Fee Claim requires, in part, a factual analysis regarding WTC's ability to recover under the bankruptcy code. (*Id.* at 3-4.)

The *Travelers* court did not decide the question at issue in this case. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 549 U.S. 443, 456 (2007) ("we express no opinion with regard to whether, following the demise of the *Fobian* rule, other principles of bankruptcy law might provide an independent basis for disallowing Travelers' claim for attorney's fees.") The *Travelers* court explicitly declined to determine whether § 506(b) categorically disallows unsecured claims for contractual attorney's fees because the issue was not raised in the lower court. *Id.* at 444. Indeed, Judge Carey wrote that "the Third Circuit Court of Appeals ha[d] not decided the issue." (D.I. 1-4 at 5.) Nor did the *Timber* decision address the relevant question in this case since it addressed the entitlement of undersecured creditors to relief, not unsecured creditors. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365 (1988). The court concludes that there is no Third Circuit case that constitutes binding precedent that would require reversal of the Fee Order.

Certification of the appeal is mandatory where "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." 28 U.S.C. § 158(d)(2)(A)(i). Having determined that the appeal raises a question of law as to which there is no controlling decision of the Third Circuit or of the Supreme Court, the court is thus required to certify the appeal in this case. *See,*

*e.g., In re IMMC Corp.*, No. AP 10-53063 (BLS), 2016 WL 356026, at *4-6 (D. Del. Jan. 28, 2016) (certifying appeal where there was a question of law with no controlling precedent).[4]

5.    <u>Conclusion</u>

For the foregoing reasons, the court will grant WTC's Certification Motion pursuant to 28 U.S.C. § 158(d)(2)(A)(i). Certification is mandatory where a single condition is satisfied under 28 U.S.C. § 158(d)(2)(B). Because there is no decision from the Third Circuit or the Supreme Court that controls the legal question raised in the motion for certification, the court will certify this appeal.

April 12, 2016                                  UNITED STATES DISTRICT JUDGE

---

[4]     Having found that the court is required to certify the appeal in this case, the court will not discuss the other criteria under 28 U.S.C. § 158(d)(2)(A), which do not provide a basis for certification.