## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 Cases |
| TRIBUNE MEDIA COMPANY, *et al*., | Bankruptcy Case No. 08-13141 (KJC) Jointly Administered |
| *Reorganized Debtors.* | |
| WILMINGTON TRUST COMPANY | Case No. 15-cv-1116-GMS |
| *Appellant*, | |
| v. | |
| TRIBUNE MEDIA COMPANY, *et al*. | |
| *Appellees.* | |

## WILMINGTON TRUST COMPANY'S MOTION
## TO REOPEN CASE AND PROCEED WITH APPEAL

Wilmington Trust Company ("WTC" or "Appellant"), by and through its undersigned counsel, hereby files this motion to reopen this case and proceed with its appeal before this Court (the "Motion"), and in support thereof respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 158 and 1334.

2.      Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1409.

3.      The statutory and legal predicates for the relief requested herein are 28 U.S.C. § 158 and Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

4.      On December 2, 2015, WTC appealed to the United States District Court for the District of Delaware (the "District Court") from the *Order* of United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), dated November 19, 2015, sustaining the *Reorganized Debtors' Objection to the Class 1F Other Parent Claim Asserted by Wilmington Trust Company* [Bankr. Docket No. 14167][1] and from the *Memorandum Opinion* related to that *Order*, dated November 19, 2015 [Bankr. Docket No. 14166].  See Appellant's Notice of Appeal [Bankr. Docket No. 14170].

5.      Two days after filing its notice of appeal, WTC, pursuant to 28 U.S.C. § 158(d)(2)(A), filed its *Request for Order Certifying Order Sustaining the Reorganized Debtors' Objection to the Class 1F Parent Claim Asserted by Wilmington Trust Company for Direct Appeal to the Court of Appeals for the Third Circuit* [Bankr. Docket No. 14175] (the "Certification Request") in the Bankruptcy Court, where the matter was pending.  See Fed. R. Bankr. P. 8006(b) ("The certification must be filed with the clerk of the court where the matter is pending.  For purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002  . . . . A matter is pending in the district court or BAP thereafter.").

6.      While awaiting the Bankruptcy Court's decision on its Certification Request, WTC took the necessary steps to preserve its appeal in the District Court.  On December 16, 2015, WTC submitted its *Designation of Record, Statement of Issues, and Certificate Regarding Transcripts Pursuant to Federal Rule of Bankruptcy Procedure 8009* [Dist. Docket No. 7]

---

[1]      Citations to "[Bankr. Docket No. ___]" refer to items filed on the docket in the jointly administered Chapter 11 cases styled as In re Tribune Media Co., Bankruptcy Case No. 08-13141-KJC.

("Appellants' Designation").[2]  On January 5, 2016, following a joint letter submitted by WTC and Tribune Media Co. (the "Appellees"), Chief Magistrate Judge Mary Pat Thynge filed her recommendation that:  (i) the appeal be withdrawn from mediation and (ii) briefing be deferred until the final disposition of the Certification Request.  *See Recommendation that Bankruptcy Appeal Be Withdrawn from Mediation* [Dist. Docket No. 8].  This Court adopted Judge Thynge's recommendation and ordered that "the court will delay issuing a briefing schedule regarding this bankruptcy appeal until final disposition of Wilmington Trust's Certification Request."  *See Order Withdrawing the Bankruptcy Appeal from Mediation* [Dist. Docket No. 9].

7.      On January 2, 2016, jurisdiction to decide the Certification Request passed from the Bankruptcy Court to the District Court.  *See* Fed. R. Bankr. P. 8006(b) ("[A] matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 . . . . A matter is pending in the district court or BAP thereafter.").  The Certification Request and Appellees' *Answering Brief in Opposition of the Request* [Bankr. Docket No. 14188] were transferred to the District Court on January 12, 2016.  *See* Dist. Docket Nos. 10, 11.

8.      On April 12, 2016, this Court granted WTC's Certification Request pursuant to 28 U.S.C. § 158(d)(2)(A), certified this appeal to the Third Circuit [Dist. Docket No. 15] (the "Certification Order"), and contemporaneously closed this case.  *See* Dist. Docket No. 16.

9.      On May 12, 2016, WTC timely filed its *Petition for Permission for Direct Appeal Pursuant to 28 U.S.C. § 158(d)(2)* [3d Cir. Docket No. 1][3] (the "Petition for Permission to Appeal") with the Third Circuit Court of Appeals.  Appellees filed their *Answer to Petition for Permission for Direct Appeal* [3d Cir. Docket No. 2] on May 23, 2016.  On May 26, 2016 the

---

[2]      Citations to "[Dist. Docket No. __]" refer to items filed on the District Court docket styled as Wilmington Trust Co. v. Tribune Media Co. (In re Tribune Media Co.), Civil Action No. 15-1116-GMS.

[3]      Citations to "[3d Cir. Docket No. __]" refer to items filed on the Third Circuit Court docket styled as In re Tribune Media Co., Court of Appeals Docket No. 16-8041.

Third Circuit Court of Appeals denied the Petition for Permission to Appeal [3d Cir. Docket No. 3] (the "Order Denying Petition for Permission to Appeal", attached hereto as **Exhibit A**).

## RELIEF REQUESTED

10.     By this Motion, WTC seeks entry of an Order, substantially in the form attached hereto as **Exhibit B**, reopening this case and allowing the appeal to proceed before this Court.

## BASIS FOR RELIEF REQUESTED

11.     28 U.S.C. § 158(d)(2) and Bankruptcy Rule 8006 contemplate that an appellant seeking certification and direct appeal will file a timely appeal and that the appeal will become effective as a condition to the appellant seeking such certification.  See Fed. R. Bankr. P. 8006(a); id. advisory committee notes ("Subdivision (a), like the former rule, requires that an appeal be properly taken – now under Rule 8003 or 8004 – before a certification for direct review in the court of appeals takes effect.  This rule requires the timely filing of a notice of appeal under Rule 8002[.]").  Thereafter, separate from its certification request, the appellant must meet the deadlines related to the appeal of an order.  See 1 Collier on Bankruptcy ¶ 5.06[3] (16th ed. rev. 2015) (instructing that the rule for seeking certification "requires that the normal appellate route be pursued" after the appeal that a party seeks to certify has been timely filed).

12.     To the extent certification is granted pursuant to 28 U.S.C. §158(d)(2), as was the case here, Bankruptcy Rule 8006(g) requires litigants to, "within 30 days after the date the certification becomes effective under subdivision (a), [file] a request for permission to take a direct appeal to the court of appeals" with the circuit clerk.  Fed. R. Bankr. P. 8006(g).

13.     Notwithstanding the filing of a petition for permission to take direct appeal with a circuit court, the certifying court retains jurisdiction over the appeal unless and until "the court of appeals authorizes the direct appeal . . . ."  28 U.S.C. § 158(d)(2)(a) ("The appropriate court of

4

appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) . . . if the court of appeals authorizes the direct appeal of the judgment, order, or decree.").

14.     When the circuit court denies a properly presented petition for permission to take direct appeal, as the Third Circuit Court of Appeals did here, the parties must return to the court where the appeal remains pending, lest an appellant be denied the opportunity to have the merits of its appeals heard.  See 1 Collier on Bankruptcy ¶ 5.06[3] (16th ed. rev. 2015) ("If the request for a direct appeal is denied, the appeal would go forward in the district court or appellate panel.").

15.     Here, WTC timely filed its appeal in this Court and, while prosecuting its Certification Request, met all deadlines related to the underlying appeal.  See Appellant's Notice of Appeal [Bankr. Docket No. 14170]; Certification Request [Bankr. Docket No. 14175]; Appellants' Designation [Dist. Docket No. 7]; Recommendation that Bankruptcy Appeal Be Withdrawn from Mediation [Dist. Docket No. 8]; Order Withdrawing the Bankruptcy Appeal from Mediation [Dist. Docket No. 9].  Following this Court's certification, WTC timely sought permission to take direct appeal to the Third Circuit Court of Appeals.  See Petition for Permission to Appeal [3d Cir. Docket No. 1].  However, that petition was subsequently denied. See Order Denying Petition for Permission to Appeal [3d Cir. Docket No. 3].

16.     Because the Third Circuit Court of Appeals denied WTC's Petition for Permission to Appeal, but this Court closed the pending case after certifying the appeal [Dist. Docket No. 16], WTC moves to return to this Court, where the appeal remains properly pending.

## CERTIFICATION OF COUNSEL PURSUANT TO D. DEL. L.R. 7.1.1

17.     Prior to filing this Motion, WTC's counsel contacted counsel for the Appellees, who have consented to the relief requested herein.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, WTC respectfully requests that the Court (i) enter the proposed Order granting the Motion to reopen the case and allowing its appeal to proceed before the Court and (ii) grant such other and further relief as it deems just and proper.

Date:   June 2, 2016
       Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON** LLC

*/s/ William D. Sullivan*

William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
Elihu E. Allinson III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195


and

BROWN RUDNICK LLP
Robert J. Stark
James W. Stoll
Jonathan D. Marshall
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*